IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NATHAN L. MAY, JR.,               :
     Plaintiff                 :         No. 1:22-cv-00268
                               :
     v.                      :         (Judge Kane)
                               :
OFFICER DANIEL KLINEDINST,   :         (Magistrate Judge Arbuckle)
et al.,                         :
     Defendants            :

**ORDER**

Before the Court in the above-captioned action is the October 14, 2022 Report and Recommendation of Magistrate Judge Arbuckle (Doc. No. 10), recommending that the Court dismiss with prejudice Plaintiff Nathan L. May, Jr. ("Plaintiff")'s 42 U.S.C. § 1983 claim in the above-captioned case pursuant to 28 U.S.C. § 1915(e)(2) because it fails to state a claim upon which relief may be granted and dismiss without prejudice Plaintiff's state law breach of contract claim.[1]   No timely objections to the Report and Recommendation have been filed.

**ACCORDINGLY**, on this 1st day of November 2022, upon independent review of the record and the applicable law, **IT IS ORDERED THAT**:

---

[1] Magistrate Judge Arbuckle's Report and Recommendation acknowledges that, before dismissing a complaint under the screening provisions of 28 U.S.C. § 1915, the Court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).  Here, Magistrate Judge Arbuckle issued an Order on July 28, 2022, informing Plaintiff that, as written, his 42 U.S.C. § 1983 claim was subject to dismissal for failure to state a claim upon which relief may be granted. (Doc. No. 8.)  That Order provided Plaintiff the opportunity to file an amended complaint on or before August 29, 2022.  (Id.)  Plaintiff filed a letter on that date (Doc. No. 9), which Magistrate Judge Arbuckle construed as a supplement to his complaint.  However, as discussed by Magistrate Judge Arbuckle in his Report and Recommendation, the supplement filed by Plaintiff did not alter Magistrate Judge Arbuckle's conclusion that Plaintiff's Section 1983 claim is subject to dismissal for failure to state a claim upon which relief may be granted.  (Doc. No. 10.)  In addition, Magistrate Judge Arbuckle recommends that this Court decline to exercise supplemental jurisdiction over Plaintiff's state law breach of contract claim in the absence of a viable federal claim.  (Id. at 13-14); see Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350

1.  The Court **ADOPTS** the Report and Recommendation (Doc. No. 10) of Magistrate Judge Arbuckle;

2.  Plaintiff's 42 U.S.C. § 1983 claim is **DISMISSED WITH PREJUDICE**;

3.  Plaintiff's pendent state law claim is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1367(c)(3); and

4.  The Clerk of Court is directed to **CLOSE** this case.


          s/ Yvette Kane

          Yvette Kane, District Judge
          United States District Court
          Middle District of Pennsylvania

---

(1988).